## SCHENEKER v. GRAHAM et al.
### (No. 9979.)

(Court of Civil Appeals of Texas. Fort Worth. May 13, 1922.)

Venue ⊂⇒8—In suit for fraud venue against bank outside of home county not sustained where bank not shown to have acted in county where suit brought.

Where seller of oil and gas leases falsely represented that the leases with abstracts of title were in the possession of a bank and induced buyer to give check to the bank for earnest money for privilege of examining abstract of title, and the bank delivered the proceeds to such seller, held, in absence of pleading or proof, that the cashier who delivered such proceeds had notice of the fraud practiced by such seller, the bank was not liable as participating in the fraud, and there was no ground to sustain venue against the bank in a suit against such seller and the bank for fraud brought in a county where the bank did not have its principal office or place of business.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Suit brought in Tarrant county by E. M. Scheneker against W. H. Graham and the First National Bank of Aspermong. From an order sustaining the plea of the defendant Bank of privilege to be sued in Stonewall county, plaintiff appeals. Affirmed.

Wray & Mayer and E. L. Gilbert, all of Fort Worth, for appellant.

Massingill & Belew, of Fort Worth, for appellees.

DUNKLIN, J. E. M. Scheneker sued W. H. Graham and the First National Bank of Aspermong to recover $250 which plaintiff alleged was obtained from him through a fraudulent scheme practiced upon him by Graham, and that the defendant bank co-operated with Graham in the perpetration of the fraud. The suit was instituted in Tarrant county, where it was alleged the fraud was perpetrated by Graham. The defendant bank filed a plea of privilege to be sued in Stonewall county, where it maintained its principal office and place of business. That plea was sustained, and from that order plaintiff has appealed.

According to plaintiff's pleadings, which were sustained by uncontroverted proof, Graham offered to sell to the plaintiff at the price of 25 cents per acre oil and gas leases on 20,000 acres of land in Stonewall county upon false and fraudulent representations that such leases, together with abstracts of title to the land, were then in the possession of defendant bank, which held the same subject to an option in favor of Graham giving him the right to sell the leases. Graham fur-

ther proposed that, if plaintiff would pay him $250 as earnest money, plaintiff would be given sufficient time and opportunity to have the abstracts of title examined in order to satisfy himself as to their sufficiency. The proposition so made by Graham was accepted by plaintiff, who thereupon executed and delivered to Graham his check for $250, but made payable to the defendant bank with the understanding between plaintiff and Graham that the same would be deposited with the bank, and that Graham and the bank would then deliver the leases and abstracts of title to plaintiff for examination and the leases to be taken at the price agreed on if titles should be found satisfactory, and the deposit of $250 would be applied as a credit on the purchase price. The check so given was delivered to the defendant bank and by it collected, and the proceeds were delivered to Graham without the knowledge or consent of plaintiff. The representations made by Graham that the leases referred to above had been executed and left on deposit in the bank subject to his option were wholly false, and made for the purpose of deceiving and cheating plaintiff, and resulted in a total loss to plaintiff of the sum of $250 so paid out by him. Graham has fled the country and is wholly insolvent, and such was the allegation in plaintiff's petition, and plaintiff will lose the amount so paid out by him unless he can recover it from the defendant bank.

In order to show liability of the bank to the plaintiff, and also to sustain venue in Tarrant county as against it, plaintiff alleged in his petition that defendant bank "cooperated with the said Graham in his fraudulent scheme, and enabled him to consummate the same by the payment of the said sum of money to him, without authority of the plaintiff and without his knowledge and consent." The proof showed that the proceeds of the check were turned over to Graham by the bank, but there was neither pleading nor proof that the cashier of the bank who paid over the same then had any notice of the fraud that had already been practiced upon plaintiff by Graham. In fact, according to the uncontroverted testimony of the cashier of the bank who paid the funds to Graham, the bank was wholly ignorant of the fraudulent misrepresentations that had been made to plaintiff by Graham. Nor was there pleading or proof that the bank in any manner participated with Graham in making to plaintiff the fraudulent misrepresentations alleged, either in Tarrant or elsewhere. Moreover, according to the uncontroverted testimony of the cashier of the bank who paid the money to Graham, he was wholly ignorant of the fact that Graham had obtained the check upon the alleged fraudulent misrepresentations, and the bank in

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

no manner co-operated with Graham in making such misrepresentations.

So far as appears in the record before us, if the defendant bank is liable to plaintiff for the demand asserted, such liability does not arise by reason of any fraud practiced or participated in by the bank in Tarrant county, where the suit was instituted. The act of collecting the check and turning over the proceeds to Graham, under the circumstances recited above, was not sufficient to warrant a recovery against the bank on the theory of a culpable participation by it in Tarrant county in the fraud theretofore perpetrated by Graham, and that act by the bank was the only act relied on to show venue against it in Tarrant county.

Accordingly, the judgment of the trial court sustaining the plea of privilege and directing a transfer of the case to Stonewall county is affirmed.